NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-46

JAMES P. LAUREUS

vs.

CAROL MICI[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, James P. Laureus, appeals from a judgment of the Superior Court dismissing his complaint for declaratory relief on the ground that it failed to state a claim on which relief could be granted, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  Concluding that the plain language of the St. 2018, c. 72, § 16, requires that G. L. c. 94C, § 32H1/2, is inapplicable to the plaintiff's sentence, we affirm.

"We review the allowance of a motion to dismiss de novo." Cubberley v. Commerce Ins. Co., 495 Mass. 289, 292 (2025),

---

[1] Commissioner of the Massachusetts Department of Correction.

[2] Joann M. Lynds, Superintendent of the Northeastern Correctional Center.

quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  "In doing so, we accept 'as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief.'"  Vita v. New England Baptist Hosp., 494 Mass. 824, 832 (2024), quoting Marsh v. Massachusetts Coastal R.R., 492 Mass. 641, 645-646 (2023), cert. denied, 144 S. Ct. 2519 (2024).

The plaintiff's claim in his complaint is premised on the proposition that G. L. c. 94C, § 32H1/2, governing the earning of good conduct credits by criminal defendants serving minimum mandatory sentences, applies to sentences for crimes committed before the effective date of St. 2018, c. 72, which created that section.  "Where, as here, we are called upon to construe a statute, we begin with its plain language, which, if unambiguous, is 'conclusive as to legislative intent.'"  Matter of the Trusts Under the Will of Kline, 495 Mass. 1, 5 (2024), quoting Six Bros., Inc. v. Brookline, 493 Mass. 616, 622 (2024). The statutory text here states, "Section 32H1/2 of chapter 94C of the General Laws shall apply to any sentence for an offense committed after the effective date of this act."  St. 2018, c. 72, § 16.  As this statutory language is unambiguous, we must apply it as written.

To this, the plaintiff repairs to G. L. c. 4, § 6, which provides a presumption that the repeal of a statute shall act prospectively only, with certain exceptions. These exceptions are irrelevant, because the statute is irrelevant. There is no need to repair to the presumption in G. L. c. 4, § 6, because the plain language of the statute provides that it acts prospectively only. A finding that the presumptions in G. L. c. 4, § 6, were "repugnant to the context of the same statute" would do nothing but eliminate the force of the presumption. G. L. c. 4, § 6. The presumption, however, has no force because the question is controlled by explicit statutory text, not presumption. Cf. Lazlo L. v. Commonwealth, 482 Mass. 325, 331-333 (2019) (considering whether presumption applies to statute containing no provision regarding retroactivity); Commonwealth v. Didas, 471 Mass. 1, 9-10 (2015) (applying presumption to part of statute containing no provision regarding retroactivity); Commonwealth v. Bradley, 466 Mass. 551, 555-561 (2013) (same).

Accordingly, the motion judge properly dismissed the complaint.

                                        Judgment affirmed.

                                        By the Court (Ditkoff, Hand &
                                          Walsh, JJ.[3]),

                                        *Paul Little*

                                        Clerk

Entered:  March 5, 2025.

---

[3] The panelists are listed in order of seniority.

4